Rajiv SHARMA; Rakesh Sharma; Rajesh Sharma, Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76625.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.\*

Filed Sept. 10, 2008.

Hardeep Singh Rai, Esquire, Rai & Associates, PC, San Francisco, CA, for Petitioners.

Matthew L. Bell, Esquire, U.S. Department of Justice, Dallas Field Office, Dallas, TX, Michelle E. Gorden Latour, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM \*\*

Rajiv Sharma, and his brothers, natives and citizens of India, petition for review of

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their requests for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review.

The record does not compel the conclusion that the Sharmas timely filed asylum applications. *See* 8 C.F.R. § 208.4(a)(4), (5). Accordingly, we deny the petition as to the asylum claim.

As for the Sharmas' withholding of removal claim, the BIA erred in considering the motivation of the Sharmas' father, who turned his son into police, rather than the motivation of the police, who later beat and detained him, in concluding that petitioners had failed to show nexus. We therefore grant the petition for review and remand to the BIA for further proceedings. *See Kotasz v. INS*, 31 F.3d 847, 854–5 (9th Cir.1994) (remanding for further consideration where the BIA's denial of asylum was based upon an error of law).

We do not reach the petitioners' remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.